JUSTICE COTTER
concurring in part and dissenting in part.
¶40 I concur in the Court’s resolution of Issues One and Three. I dissent from the Court’s resolution of Issue Two. I would conclude that because it did not provide specific notice to Hankes prior to mediation and settlement that it intended to seek reimbursement of its contribution to any settlement, Horace Mann may not now recover its contribution to the settlement.
¶41 As the District Court noted in its order addressing indemnification and fees, the first several letters written by Horace Mann to the Hankes undertaking their defense did not alert the Hankes of the possibility of nor the explicit reservation of the right to seek reimbursement. In fact, it was not until its letter of April 20, 2010, that Horace Mann first explicitly mentioned a right to reimbursement. This letter stated: ‘Horace Mann’s payment of the Hankes’ obligation [to fund the $34,000 owed by the Hankes under the settlement agreement reached at mediation] is made under a full reservation of rights, including the right to recover defense and settlement costs should the [c]ourt rule in the declaratory judgment action that there is no coverage.” Notably, this letter was sent three months after the mediation at which the parties settled the Warner claims.
¶42 The District Court cited with approval the case of Travelers Cas. & Sur. Co. v. Ribi Immunochem Research, 2005 MT 50, ¶¶ 48-50, 326 Mont. 174, 108 P.3d 469, in which we held that insurers may recover the costs of defending and indemnifying their insured against uncovered claims, in certain circumstances. We said that these costs are recoverable, where the insurer:
(1) timely and explicitly reserved the right to recoup the costs; and
(2) provided specific and adequate notice to the insured of the possibility of reimbursement.
*361 Relying upon this test, the District Court properly concluded that because Horace Mann did not notify Hankes that it could later seek reimbursement for the defense costs until well after those costs had been expended, it had failed to meet its obligation to specifically and timely inform them that it would seek to recoup those amounts. I agree with this conclusion. The District Court and this Court go awry, however, in concluding that Horace Mann timely and explicitly advised Hankes that it would seek to recover the contribution it made to the settlement of the Warner claim.
¶43 As noted above, the April 20, 2010 letter in which Horace Mann agreed to provide the remaining $34,000 toward the settlement on behalf of the Hankes stated it was doing so under a full reservation of rights, “including the right to recover defense and settlement costs” should the court determine in the declaratory action that there was no coverage for the Warner claims. (Emphasis added.) This letter does not timely or explicitly alert the Hankes that it intended to recoup the amounts advanced toward the settlement of the Warner claim.
¶44 The Legislature defines the costs generally allowable to a prevailing party. Section 25-10-201, MCA, states that the allowable costs are the parties’ “necessary disbursements,” to include legal fees of witnesses; the expenses of taking depositions; legal fees for publication; fees paid to stenographers for filing and recording papers; expenses of printing papers for hearing; and “other reasonable and necessary expenses that are taxable according to the course and practice of the court or by express provision of law.” Nowhere in Montana statute or case law are “costs” defined to include an insurer’s contribution to a settlement.
¶45 Given that Ribi addresses a claim for reimbursement of defense costs, and not claims for reimbursement of settlement amounts, it is arguably not even applicable here. However, there are no reported Montana cases in which this Court has approved a claim for reimbursement of a settlement contribution by an insurance company operating under a reservation of rights. I submit that a parallel version of the Ribi test should apply where an insurer later seeks to recover the amount it paid in settlement of a claim after there is a determination that it has no duty to indemnify. I would conclude that an insurer may later recover monies it paid in the settlement of a claim against the insured, provided the insurer (1) timely and explicitly reserved the right to recoup the settlement amount; and (2) provided specific and adequate notice to the insured of the possibility of reimbursement.
*362 ¶46 Here, in advising the insured that it reserved the right to recover defense and settlement costs, Horace Mann did not meet the foregoing test. First, it did not timely and explicitly reserve the right to recoup the settlement amount, as it did not address reimbursement of any sums until months after the mediation. Second, it did not provide specific and adequate notice to the insured of the possibility that it would seek reimbursement of the settlement amount. I would conclude that Horace Mann was not entitled to secure reimbursement of its contribution to the settlement with Warner. I therefore dissent from the Court’s resolution of Issue Two.
¶47 I otherwise concur.